UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS U. LOBO,<br><br>                              Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                            Respondent. | Case No.: 16-cv-2213-AJB-RBB<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>(Doc. No. 1) |

Presently before the Court is Petitioner Carlos U. Lobo's ("Lobo") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter is fully briefed. (Doc. Nos. 13, 14.) After a thorough review of the papers and applicable law, the Court **DENIES** the petition for writ of habeas corpus.

## **BACKGROUND**

Lobo pled guilty and was convicted of Assault with Intent to Commit a Felony, specifically rape, in 2008. (Doc. No. 13 at 2.) Lobo was sentenced to six years of imprisonment, which was suspended, and five years of probation. (*Id*.) Lobo was then removed from the United States to Honduras on September 4, 2008. (*Id*.)

Thereafter, on October 30, 2008, Lobo was arrested at a checkpoint after confirming that he was not a United States citizen. (*Id*.) As a result, in November of the same year, a jury indicted Lobo with illegal re-entry of a deported alien in violation of 8 U.S.C. §

1326(a) and (b). (*Id*.) On January 4, 2010, Lobo was sentenced to seventy months of imprisonment, followed by a term of three years of supervised release. (*Id*.)

On January 12, 2011, Lobo filed an appeal to the Ninth Circuit, which was denied with his conviction, judgment, and sentence affirmed. (*Id*.) Lobo then filed a motion to vacate his sentence under 28 U.S.C. § 2255 claiming ineffective assistance from his trial and appellate counsel. (*Id*.) On February 29, 2012, the district court denied this motion. (*Id*. at 2–3.) Thereafter in 2015, Lobo sought to file a second § 2255 motion alleging his actual innocence. (*Id*. at 3.) This application was denied on February 26, 2016. (*Id*.) The instant motion was filed on August 29, 2016. (Doc. No. 1.)

## **LEGAL STANDARD**

A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241.") (citation omitted). There is, however, an exception to that general rule. Generally, a federal habeas prisoner authorized to seek relief under § 2255 may not petition for relief under § 2241 "unless it appears that the § 2255 motion is inadequate or ineffective to test the legality of his detention." *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999). This exception is titled the "escape hatch" of § 2255. *Stephens*, 464 F.3d at 897.

## **DISCUSSION**

Lobo alleges that he can show that he is actually innocent of his underlying conviction in three ways: (1) ineffective assistance of his counsel; (2) a doctor's report; (3) counsel's failure to attack the credibility of the victim; and (4) that the prosecutor withheld evidence from the court.[1] (Doc. No. 1 at 8–13.) In opposition, the United States argues that

---

[1] The Court notes that Lobo's response to the United States' return radically shifts gears and attempts to argue that the district court erroneously applied the sixteen level

2

Lobo is not entitled to a remedy under § 2241 and thus his claims should be dismissed for lack of jurisdiction. (Doc. No. 13 at 3–4.) It also claims that Lobo cannot establish actual innocence or collaterally attack his underlying state conviction and has failed to demonstrate that he has been obstructed from bringing his claims. (*Id*. at 4–9.)

A prisoner may file a § 2241 petition under the escape hatch when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (citation omitted). "To establish actual innocence, petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citation and internal quotation marks omitted). Actual innocence means "factual innocence, not mere legal insufficiency." (*Id.*)

Presently, even construing Lobo's pro se filing liberally, there are no claims that demonstrate that he is factually innocent of his crimes of conviction. First, as to Plaintiff's claims of ineffective assistance of counsel, the Court reiterates that these arguments are procedural claims of innocence and not a factual claim of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 314 (1995).

As to Lobo's claim of innocence being supported by a professional diagnosis, the Court disagrees. The doctor's report states in pertinent part that Lobo "does not appear to suffer from a clearly diagnosable psychiatric disorder of either psychotic or major neurotic proportion." (Doc. No. 1 at 30.) Moreover, the report describes Lobo as social, an open communicator, and friendly. (*Id*. at 32.) However, the report also states that it is "of course, not possible to predict future behavior with certainty. Especially, one cannot predict repeat

---

enhancement for a crime of violence to his offense calculation. (*See generally* Doc. No. 14.) The Court finds these extraneous arguments improperly pled as they are missing from Lobo's original Petition. *See Davenport v. Wendy's Co.*, No. 2:14-cv-00931 JAM DAD, 2014 WL 3735611, at *3 (E.D. Cal. July 28, 2014) ("The Court does not consider Plaintiff's argument—made for the first time in its reply—that Defendant's removal was untimely. It is well-established that a party may not raise a new argument in its reply brief.").

sexual offense behavior in individual offenders with any degree of certainty." (*Id*. at 33.) It is undisputable that the doctor's report provided by Lobo fails to affirm or deny his guilt or innocence in his underlying conviction. Instead, the report is simply an analysis of Lobo's personality traits resulting in a recommendation from the doctor. This in and of itself does not demonstrate Lobo's "actual innocence."

Next, turning to Lobo's argument that his attorney failed to attack the credibility of the victim, this claim is similarly insufficient. Specifically, Lobo attaches the victim's DUI arrest report from May 24, 2007. (*Id*. at 50–56.) Unfortunately, the Court is unsure as to how the victim's DUI report is relevant to determining his innocence of the crime charged or to the victim's truthfulness during trial.

Finally, Lobo argues that the prosecutor in his state court conviction withheld evidence that would have had a direct impact on his proceedings. (*Id*. at 12.) To support this argument, Lobo provides the Court with only a one page transcript. (*Id*. at 48.) From what the Court can discern, this one page deals with the motivations for settling his case. (*Id*.) The prosecutor on the record states that "Your Honor, this was a case which was rather complicated due to the fact that there was an officer involved shooting which occurred as a result because there were so many witnesses that were interviewed both for the underlying case and the officer involved shooting." (*Id*.) Again, the Court is at a loss as to how this evidence demonstrates that it is "more likely than not that no reasonable juror would have convicted him[,]" *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012), or that his case would have turned out differently had this information been suppressed.

In sum, Lobo has not demonstrated that he is factually innocent of his prior convictions. Moreover, Lobo's purely legal arguments in his Traverse brief are not "cognizable as a claim of actual innocence under the escape hatch." *Marrero*, 682 F.3d at 1195. Thus, as Lobo has failed to meet the escape hatch criteria, he cannot bring his claims in a § 2241 petition.

# CONCLUSION[2]

As delineated above, the Court **DENIES** Lobo's petition for writ of habeas corpus and **DISMISSES** the petition for lack of jurisdiction.

IT IS SO ORDERED.

Dated: April 3, 2018

Hon. Anthony J. Battaglia
United States District Judge

---

[2] In so much that Lobo's petition could be characterized as a § 2241 petition "disguised" as a § 2255 petition, the Court **DENIES** the issuance of a certificate of appealability. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 petition, the petitioner cannot appeal from the denial of that petition without a [certificate of appealability]."). Presently, the Court does not find that reasonable jurists could debate whether the motion should have been resolved differently or that the issues presented deserve further encouragement. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).